| | |
|---|---|
| 119 | 563 |
| 123 | 260 |
| 119 | 563 |
| s78NW | 647 |
| s75ASR | 430 |
| 131 | ¹662 |
| 119 | 563 |
| 134 | ¹ 50 |
| 119 | 563 |
| 142 | ¹390 |
| 119 | 563 |
| f149 | ²482 |

## HOLMES *v.* McDONALD.

1. GIFT INTER VIVOS—ATTEMPTED REVOCATION.
   A recorded mortgage executed to a father by his son, conditioned upon the payment to the father of an annual sum during his life, and after his death of a specified amount to his daughter, who knew of the gift and that it was secured by the mortgage, is a gift *inter vivos* to the daughter, and cannot be revoked by the discharge of the mortgage by the father as fully paid and satisfied.

2. SAME—PRESUMPTION OF ACCEPTANCE.
   A gift beneficial to the donee will, in the absence of proof to the contrary, be presumed to have been accepted.

3. DEEDS—DELIVERY—EFFECT OF RECORDING.
   Recording a deed, with intent to pass title, is a sufficient delivery.

Appeal from Tuscola; Beach, J. Submitted January 25, 1899. Decided March 23, 1899.

Bill by Jennie Holmes against John McDonald and others to foreclose a mortgage. From a decree for complainant, defendants appeal. Affirmed.

*T. W. Atwood*, for complainant.

*T. A. E. & J. C. Weadock*, for defendants.

LONG, J. It appears that Alexander McDonald, in June, 1886, conveyed, by warranty deed, to his two sons, John and Donald, defendants here, certain lands in Tuscola county, and took back from them a mortgage on the land for $3,000, conditioned as follows:

"*Provided always*, and these presents are upon this express condition, that if the said parties of the first part shall and do well and truly pay, or cause to be paid, to the said party of the second part, the annual interest on the first day of September in each year, at six per cent. per annum, on three thousand dollars, during the lifetime of

said Alexander McDonald, and, after his death, the sum of five hundred dollars to their sister, Jennie McDonald, then these presents shall cease and be null and void."

Jennie McDonald at this time was about 14 years of age. The mortgage was duly recorded by Alexander McDonald, and payments of interest were made from time to time upon this mortgage, the principal payments being made by John. On October 9, 1889, a new arrangement was entered into, and Alexander McDonald discharged this mortgage of record, reciting in the discharge that the same had been fully paid and satisfied. John McDonald took a quitclaim deed from his brother, Donald, and his wife, and thereupon made and delivered to his father another mortgage to secure the payment annually of a sum equal to the annual interest on $3,000, during the lifetime of the father, but without providing for the payment of the $500 to Jennie. This mortgage was duly recorded. At the time this last mortgage was made, Jennie had married Mr. Holmes. During the lifetime of Alexander, his son John continued to pay him the amounts specified in the mortgage. Alexander died in July, 1894. Jennie thereupon filed her bill to foreclose the first mortgage, claiming that there was due her thereunder the $500, and that Alexander McDonald, her father, had no power to discharge that mortgage and cut off this payment secured to her thereunder. The court below entered a decree of foreclosure, and found that the amount of $500 was due complainant, with interest at 6 per cent. per annum from date of decree. From this decree, defendants appeal.

The court held that the case was ruled by *Love* v. *Francis*, 63 Mich. 181 (6 Am. St. Rep. 290), and that the recording of the mortgage providing for the payment to Jennie of $500 amounted to a gift *inter vivos*. Counsel for defendants say that "the question whether Alexander McDonald intended to give Jennie $500 absolutely, and that he did so, and she accepted it, answered in the affirmative, would bring this case within some of the rules laid

down in *Love* v. *Francis*, and, answered in the negative, should end the case;" but they contend that there never was any delivery to Jennie; that to contend that the recording of the mortgage was a constructive delivery will not do in this case, because Alexander discharged the mortgage, and delivered it up to the makers, and entered into a new arrangement; that there is no question but that Alexander intended, at the time of making the first mortgage, to provide $500 for Jennie, to be paid after his death; but that the means to effectuate that result he always retained, and, when conditions changed, he changed his mind, and that the gift which he had intended for her was never delivered, and never placed beyond the control of the donor.

To constitute a gift *inter vivos*, there must be a delivery of the thing given, either actual or constructive. It is not necessary that it be delivered to the person intended directly; it may be delivered to some person for him, or to a trustee for that purpose; but in all cases such a disposition of it must be made in favor of the donee as effectuates the object, and places the *jus disponendi* beyond the power of the donor to recall. *Love* v. *Francis*, 63 Mich. 181 (6 Am. St. Rep. 290). It is well settled that an intention to give, evidenced by a writing, may be most satisfactorily established, and yet the intended gift may fail because no delivery is proved. *Wadd* v. *Hazelton*, 137 N. Y. 215 (21 L. R. A. 693, 33 Am. St. Rep. 707). Another well-settled rule in relation to such gifts is that, to make them valid, the transfer must be executed; for the reason that, there being no consideration therefor, no action will lie to enforce it. To consummate such gift, there must be such a delivery from the donor to the donee as will place the property within the dominion and control of the latter, with intent to transfer the title to him. *Gray* v. *Barton*, 55 N. Y. 72 (14 Am. Rep. 181).

But counsel for defendants contend that there is no evidence in the case that the complainant ever accepted the gift, or knew that it was intended as a gift. The com-

plainant testified that at the time her father conveyed the farm to the sons, and at various times afterwards, she talked with him about this matter, and her father told her that John was to pay him so much a year, and at his death she was to have $500, and that she knew the mortgage was made to secure that amount to her. It is evident, therefore, that the complainant knew about the gift and that it was secured by the mortgage. There is no testimony that she did not accept it, and, under such circumstances, the rule is that, in the absence of proof to the contrary, a gift beneficial to the donee will be presumed to have been accepted. *In re Dunlap's Estate*, 94 Mich. 17, and cases there cited; *Green* v. *Langdon*, 28 Mich. 221.

In *Wadd* v. *Hazelton*, *supra*, it appeared that the deceased asked one C. to draw an assignment of bond and mortgage to plaintiff, declaring his intention to give them to plaintiff. Deceased, after receiving the assignment, bond, and mortgage from C., kept them a month, and then delivered them, with other papers, to C.,—the assignment being signed, but not acknowledged or recorded,—directing C. to deposit them in the bank, where they remained at the time of his death. It was held that there was no declaration of trust; whereas, in the present case, the deceased himself placed the mortgage upon record, and stated to the complainant that she was to receive the sum of $500. Here was a declaration of trust as well as a recording of the trust mortgage. The recording was equivalent to a delivery of the mortgage, and, by so recording it, the trustee had put it beyond his power to recall it. This was the only delivery possible under the circumstances. It has been repeatedly held in this State that the recording of a deed, with intent to pass title, is a sufficient delivery, and that actual manual delivery and formal acceptance are not necessary in such a case. *Compton* v. *White*, 86 Mich. 33; *Fenton* v. *Miller*, 94 Mich. 204; *Glaze* v. *Insurance Co.*, 87 Mich. 349. Recording a deed is presumptively a delivery, as between

grantor and grantee. *Sessions* v. *Sherwood*, 78 Mich. 234.

While it is held in *Glaze* v. *Insurance Co.*, *supra*, that this presumption may be rebutted by proof that the grantor did not thereby intend to pass title as of the date of the deed, yet, in the present case, the only matter that can be urged against this presumption is that the father afterwards discharged, or attempted to discharge, the mortgage of record. This was long after the mortgage was recorded, and after he had power to recall the gift, and we think the testimony of complainant shows that the attempted discharge was made after her father had told her that she was secured under it. The circumstances are such that we are inclined to the view that it was a completed gift, and when made, and the mortgage was recorded, it was beyond the power of the donor to recall it.

The court below very properly held that the mortgage for the $500 remained a lien upon the property, and awarded foreclosure. That decree must be affirmed, with costs.

The other Justices concurred.