SNYDER *v.* SNYDER.[1]

1. PARENT AND CHILD—TRANSFER OF PROPERTY—BONA FIDES—BURDEN OF PROOF.

A son who is the confidential adviser of his old and ignorant mother, and has entire authority and control over her business, has the burden of showing the *bona fides* of an assignment of mortgage made by her to him.

2. GIFT INTER VIVOS—WHAT CONSTITUTES.

To constitute a valid gift *inter vivos*, it must take effect at once, and pass entirely beyond the control of the donor.

3. SAME—ASSIGNMENT OF MORTGAGE.

An assignment of mortgage, given upon the understanding that payments made on the mortgage during the lifetime of the assignor should belong to her, the amount unpaid at her death to go to the assignee, cannot be sustained as a gift *inter vivos*.

4. EQUITY JURISDICTION—SETTING ASIDE CONVEYANCES OF DECEDENT—PARTIES—APPOINTMENT OF ADMINISTRATOR.

Equity has jurisdiction of a suit by the heirs of a decedent to set aside a deed made by him, a mortgage back, and a subsequent assignment of the mortgage, and, on finding the deed and mortgage to be valid and the assignment void, will retain such jurisdiction to permit complainants to procure the appointment of an administrator and make him a party to the suit, that the mortgage may be turned over to him.

---

[1] Rehearing denied February 2, 1903.

Appeal from Hillsdale; Winsor, J., presiding. Submitted October 8, 1902. (Docket No. 22.) Decided December 2, 1902.

Bill by William Snyder, John Snyder, and others against Benjamin F. Snyder and Thomas C. Snyder to set aside a deed and an assignment of a mortgage. From a decree dismissing the bill, complainants appeal. Affirmed as to defendant Benjamin, and reversed as to defendant Thomas.

Jacob Snyder and Elizabeth Snyder, his wife, came to Michigan in 1854, and settled upon a farm of 40 acres in Hillsdale county, where they lived during their lives. They had five children,—complainants William and John, defendants, Benjamin and Thomas, and a daughter, Amelia, the mother of the other complainants. They were the sole heirs at law of said Jacob and Elizabeth. Jacob died in October, 1886, and Elizabeth in May, 1899. The title to the 40 acres was in Elizabeth. Both of them were illiterate, neither being able to write or read writing. At the time of Jacob's death, the farm was worth about $2,200. John was then working the farm under a lease, his father and mother living with him. Mrs. Snyder soon after went to live with the defendant Benjamin. John and Elizabeth did not agree, and John, soon after his father's death, left the farm. March 5, 1886, Mrs. Snyder executed a power of attorney to defendant Thomas, giving him entire authority and control over her business affairs. On April 7, 1888, Mrs. Snyder deeded the land in question to the defendant Benjamin for an express consideration of $1,600, and the further consideration expressed in the deed in the following language:

"Besides the above amount, one thousand six hundred dollars, the party of the second part is to maintain, clothe, and support in a respectable manner the said Elizabeth Snyder, of the first part, during her natural lifetime. All doctors' bills and funeral expenses is to be credited on his notes paid by him."

At the same time he gave back to her a mortgage upon the land for $1,600, and a promissory note, due six months after her death. The mortgage contained the following provisions:

"Besides the above amount, one thousand six hundred dollars, the parties of the first part is to maintain, clothe, and support in a respectful manner the said Elizabeth Snyder, of the second part, during her natural lifetime. All doctor bills and funeral expenses is to be credited on his notes paid by him.   *   *   *   Said note to become due six months after the death of said Elizabeth Snyder, and all moneys paid by him to be credited on his note."

On January 18, 1893, defendant Thomas placed upon record a pretended assignment of this mortgage from his mother to him, dated May 29, 1888. After the death of Mrs. Snyder, complainants filed this bill to set aside said deed, the mortgage, and the assignment thereof, on the ground of undue influence by the defendants, and the incompetency of Mrs. Snyder to execute them. The bill prays that the deed may be set aside, but, if that should be found to be valid, that the assignment of the mortgage to defendant Thomas be set aside and declared void. Testimony was taken in open court, and decree entered dismissing the bill.

*B. E. Sheldon* and *C. A. Shepard*, for complainants.

*Sampson & Barre*, for defendants.

GRANT, J. (*after stating the facts*). 1. The circuit judge saw the witnesses, whose testimony in regard to the alleged incompetency of Mrs. Snyder is in direct conflict. Neither of the defendants testified. Perhaps their testimony would have been of little avail on the question of her mental condition, on account of the bitter feeling existing between complainants and defendants. We are not able to say that the preponderance of evidence is with the complainants upon this question, as well as upon the question of undue influence, and are constrained, therefore, to sustain the finding of the circuit judge.

2. We cannot, however, concur with him that the assignment of the mortgage and the note by Mrs. Snyder to defendant Thomas was a gift *inter vivos.* It is not claimed that Thomas paid a valuable consideration. The record is barren of any evidence explaining the circumstances of the assignment, or tending to show any gift to him. A disinterested witness, whose testimony is unimpeached by anything in the record, testified that Mrs. Snyder once said to him, "They say I have signed away that mortgage, but I never knew I did;" and that defendant Benjamin also "told him that his mother told me the same thing." Benjamin does not deny this. The notary who took the acknowledgment is the sole witness called to prove the assignment. He has no recollection whatever of its execution, and the sole knowledge he has is the fact that his name appears to the acknowledgment, as well as a witness. The other witness to the assignment was not called. The silence of Benjamin and Thomas is significant, and is very conclusive that they are acting in concert. Mrs. Snyder was then 76 years old, and ignorant. She had already given a power of attorney to Thomas to manage her business. He was evidently her adviser and manager, and stood in very confidential relations with her. The duty, therefore, devolved upon him to explain the circumstances of that transaction, and to show its *bona fides.* He kept silent when he should have spoken. The law does not permit him, under such circumstances, to retain this property.

It was not a gift *inter vivos* under the allegation in the defendants' answer, which is the sole reference upon the record to a gift. The allegation reads thus:

"That, soon after the sale of said lands to the said Benjamin F. Snyder by their mother, she caused to be prepared and executed said assignment, and then said to the said Thomas C. Snyder that she desired him to accept the same upon the following terms and conditions: That all moneys paid on such note and mortgage during the life of said mother should be paid over to her for her own use,

and that whatever sum should remain unpaid at her death, if any, should be the property of said Thomas C. Snyder. That she further said that she did this because of the fact that the said Thomas C. Snyder had paid off two mortgages on said land from money earned by him in the army, and that in consideration of that fact she desired him to have what property she had, if any, at her death."

This allegation was specifically denied in the replication. No testimony was offered to support it. It appears to be the sole basis for the finding of the court below that this was a gift *inter vivos*. To constitute a valid gift *inter vivos*, it must take effect at once, and pass entirely beyond the control of the donor. The retaining of any control in the hands of the donor over the subject of the gift renders it invalid. Thornt. Gifts, § 76; *Holmes* v. *McDonald*, 119 Mich. 563 (78 N. W. 647, 75 Am. St. Rep. 430),— where we held that the *jus disponendi* must be placed beyond the power of the donor to recall. See, also, 14 Am. & Eng. Enc. Law (2d Ed.), 1014 *et seq*. Under defendant Thomas' own statement in his answer, his mother retained the entire control over this gift, and had the right to retain as her own all sums that Benjamin paid to her or to Thomas during her lifetime. She could collect and use the entire amount. It follows that this assignment must be held void.

3. No administrator has been appointed over the estate of Mrs. Snyder, and it is insisted that the administrator is the only person who can test the validity of the assignment. We cannot concur in this view. The equity court is the proper forum in which to test the validity of the deed, mortgage, and assignment. Having obtained jurisdiction, it will retain it for the purpose of deciding all questions in controversy.

The decree is affirmed as to defendant Benjamin, reversed as to Thomas, the assignment set aside and held for naught, and the cause remanded, with permission to the complainants to procure the appointment of an administrator, make him a party to the suit, and the mort-

gage turned over to him for foreclosure. The complainants will recover costs of both courts as to defendant Thomas.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.