## CHADDOCK *v.* CHADDOCK.

1. WITNESSES — HUSBAND AND WIFE — MATTERS WITHIN KNOWLEDGE OF DECEDENT.

    The wife of the complainant in a bill against the heirs of a deceased person to restore a destroyed deed, and for the specific performance of a land contract, is an incompetent witness as to conversations with the deceased grantor.

2. GIFT INTER VIVOS — DELIVERY.

    To constitute a gift *inter vivos*, there must be an unconditional delivery, and the right of disposition must be wholly beyond the power of the donor.

Appeal from Ingham; Wiest, J.   Submitted May 13, 1903.   (Docket No. 41.)   Decided July 8, 1903.

Bill by John D. Chaddock against Maria Chaddock and others to restore a destroyed deed.   From a decree dismissing the bill, complainant appeals.   Affirmed.

Complainant and the defendants are the heirs of Leverett Chaddock, deceased, who died November 20, 1900.   Some time after his death, complainant filed this bill for the purpose of restoring a destroyed deed conveying 180 acres of land, or, failing in this, to enforce specific performance of a land contract claimed to have been made with the deceased for the land covered by the deed.   A deed was made out, was retained by the deceased in his possession and control, and was destroyed by him.   The case was heard upon pleadings and proofs taken in open court, and the bill dismissed.

*L. B. & H. M. Gardner* (*Rollin H. Person*, of counsel), for complainant.

*Russell C. Ostrander*, for defendants.

GRANT, J. (*after stating the facts*).   The claim of complainant is that some time prior to the making of this deed, or the agreement to convey these lands, his father had given him $6,000 worth of notes and mortgages, and that in consideration that he should surrender and give back to his father said notes and mortgages, and agree to care for, maintain, and support two children of complainant's sister, who had died, until they could take care of themselves, his father agreed to give, grant, and convey these lands to him.   Complainant and his wife were then living in Chicago, and he claims that, pursuant to that agreement, they went upon this farm, and have continued in possession of it since.

The testimony of complainant's wife as to the conversations with her father-in-law was properly excluded.   *Laird v. Laird*, 115 Mich. 352 (73 N. W. 382).

134 MICH.—4.

Whether the testimony of the mother of complainant as to conversations which took place with her husband in regard to the transaction is admissible, we do not find it necessary to determine. The case, however, is different from *Hagerman* v. *Wigent*, 108 Mich. 192 (65 N. W. 756). In that case the husband was held competent to testify to instructions given him by his wife as to the disposition of a mortgage. In this case, under Mrs. Chaddock's own testimony, none of these papers were intrusted to her, nor were the conversations she testified to made by her husband with any view to intrusting her with any duty in relation thereto. On the contrary, secrecy was enjoined upon her, and her husband desired the making of these papers, which were all kept wholly within the control of Mr. Chaddock, from being known to his children.

But, admitting her testimony to be competent, it has but little probative force. The title to the notes and mortgages can only be maintained upon the theory of a gift *inter vivos*. Mr. Chaddock, the father, never parted with the possession of the mortgages and notes, or the assignment, which it is claimed he made and kept in his possession with the other papers. He kept them in his safe, over which he had exclusive control. Complainant never saw the securities, or any assignment of them, and no one was able to state what securities constituted $2,000 of the $6,000. To effectuate a gift *inter vivos*, there must be an unconditional delivery, either to the donee direct or to some one for him, and the right of disposition must be wholly beyond the power of the donor. *Holmes* v. *McDonald*, 119 Mich. 563 (78 N. W. 647, 75 Am. St. Rep. 430); *Burns* v. *Burns*, 132 Mich. 441 (93 N. W. 1077); *Snyder* v. *Snyder*, 131 Mich. 658 (92 N. W. 353); 14 Am. & Eng. Enc. Law (2d Ed.), 1014. The evidence in this case entirely fails to show such a gift.

It is unnecessary to enter into the details of the facts. We think it entirely manifest that there was no delivery of the deed, and no contract for the sale of the land.

The decree is affirmed, with costs.

The other Justices concurred.