REICHERT v. REICHERT.

WILLS—CAPACITY OF TESTATOR—UNDUE INFLUENCE—EVIDENCE.
Evidence in a will contest examined, and *held*, to show that testator had no insane delusions as to the attitude of disinherited heirs toward him and that no undue influence was used to induce the making of the will.

Error to Washtenaw; Kinne, J. Submitted April 5, 1906. (Docket No. 16.) Decided May 24, 1906.

Jacob J. Reichert presented for probate the last will and testament of John George Reichert, deceased. The will was allowed in the probate court, and Julius H. Reichert

and another appealed to the circuit. There was judgment for proponent, and contestants bring error. Affirmed.

*Frank E. Jones* and *Murray & Storm*, for appellants.

*Cavanaugh & Wedemeyer*, for appellee.

MONTGOMERY, J. This is a contest over the probate of the last will and testament of John George Reichert, deceased. The contestants are the son and daughter of decedent. The will was executed January 4, 1904, and, after providing for the payment of funeral expenses and the erection of a monument at a cost of $500, contains the following clause:

"*Fourth.* My son, Julius H. Reichert, and my daughter, Hermina B. Reichert, having chosen the wrong instead of the right, and having refused to visit or associate with me, I give and bequeath to each of them the sum of one dollar only."

All the balance of the estate is bequeathed to the nieces and nephews of the testator, share and share alike. The contest is made on the two grounds of mental incompetency and undue influence. It is claimed that the assertion in the fourth clause in the will is so contrary to the fact as to indicate that the testator was laboring under an insane delusion. The circuit judge was of the opinion that there was no testimony in the case tending to show the existence of an insane delusion, and so instructed the jury.

It is an admitted fact that since 1899 the decedent and his wife had lived apart, and that during all this time the two children, who are now the contestants, had lived with their mother. The mother in 1899 filed a bill for divorce. The case found its way into this court, and in October, 1900, the decree denying a divorce was affirmed. 124 Mich. 694. The parties, however, continued to live apart. The decedent desired to reunite his family and made re-

peated efforts to do so, but his wife persistently refused to return to him. The children remained with her. When all efforts at reconciliation failed, decedent finally, in November, 1902, filed a bill for divorce on the ground of desertion, and a decree was granted January 28, 1903. In this decree Mrs. Reichert was given $2,000 alimony in lieu of dower and homestead rights, and in payment for the care, support, and education of the minor child, Hermina. It was provided that Mr. Reichert should be permitted to visit Hermina, and that Mrs. Reichert should afford friendly opportunity therefor. The evidence shows that the decedent in April, 1902, made a will in which he bequeathed a substantial share of his estate to Hermina; but in this will the larger portion of the bequest was made dependent upon Hermina visiting and attending upon him in his last sickness. This was followed by the divorce. From that time on decedent saw his daughter but once or twice, and these interviews were brought about by effort of his. Her own testimony shows that she did not feel right toward her father. At one time the father called at the school Hermina was attending to see her, and she declined to see him. The evidence as to the feeling of Julius toward his father is quite as conclusive.

The question is, not whether the motives of testator were such as to be in all respects approved, but rather whether they were the motives of a sane man. There is not the slightest ground for saying that the testator was under any delusion as to the attitude of his children toward him. The question of whether that attitude justified him in cutting them off with a nominal legacy was a question which he, within his rights as owner of the estate, had the power and legal right to determine. *Spencer* v. *Terry's Estate*, 133 Mich. 39. Without reciting at length the testimony, which is claimed to show that undue influence is exerted, it will suffice to say that, giving the broadest construction to such testimony, it fails to show any such coercion or fraud as to amount to undue influence in the legal sense of that term. The circuit

judge was quite right in directing a verdict in favor of the probate of the will.

Judgment affirmed.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.