## TERRY v. TERRY.

1. COMPETENCY—ASSIGNMENT OF MORTGAGE—ESTATES OF DECEDENTS.

Where at the time of assigning a mortgage constituting practically his entire estate to one of his sons, the grantor had sufficient mental capacity to understand the business in which he was engaged, knew and understood the extent and the value of his property and how he wanted to dispose of it, and was able to keep the facts in mind long enough to plan and effect the conveyance in question, without prompting and interference from others, his act was valid.

2. ESTATES OF DECEDENTS — FRAUDULENT CONVEYANCES — TESTAMENTARY DISPOSITION OF ESTATE—DEBTOR AND CREDITOR.

As to one son whom decedent owed a sum of money, the trans-

fer of nearly all decedent's property without consideration, was invalid.

3. JUDGMENT—RES JUDICATA—ESTATES OF DECEDENTS.

The allowance against decedent's estate by commissioners on claims, from whose finding no appeal was taken, of an indebtedness to one of decedent's sons, conclusively established decedent's indebtedness to the claimant.

4. SAME — INTERVENING PARTIES — EXECUTORS AND ADMINISTRATORS—EQUITY.

It is within the province of the court of equity, on appeal, to enter a decree against the assignee of the mortgage in whose suit for foreclosure the administrator of the assignor's estate . intervened by answering defendant's cross-bill, and by going to hearing without objection on the contention of the estate that the assignee of such mortgage took the same subject to the expenses of administering said assignor's estate. Act No. · 326, Pub. Acts 1905.

Appeal from Oakland; Smith, J. Submitted January 24, 1912. (Docket No. 68.) Decided May 31, 1912.

Bill by John P. Terry against Isaac E. Terry and another for the foreclosure of a mortgage. Angus McCallum, administrator of the estate of George Terry, deceased, intervened. From a decree for defendant and in favor of said intervener, complainant appeals. Reversed.

*Perry & Lynch*, for complainant.

*Davis & Bromley*, for defendant Terry.

*H. M. Zimmermann*, for defendant McCallum.

OSTRANDER, J. The original bill was filed August 24, 1909, to foreclose a real estate mortgage made by Isaac E. Terry and Viola, his wife, February 8, 1908, to George Terry, to secure payment of a promissory note for $1,600, due one year after date, with interest at 7 per cent. The mortgage was recorded March 6, 1909. A deed of assignment of the debt and mortgage was made by the mortgagee to complainant dated March 25, 1909, and recorded April 17, 1909. The mortgagors only were made

defendants, and they answered the bill, claiming also the benefit of a cross-bill. The answer denies that the sum due and unpaid on the note and mortgage is the original debt with interest, alleges that the mortgagee was indebted to defendant in a considerable sum, which, if the mortgage had not been assigned, would constitute a set-off, alleges further that the complainant paid nothing for the assignment of the debt and mortgage, but took the assignment thereof after the debt was due, with knowledge of defendant's counterclaim and for the purpose of collecting the same for the mortgagee.

The grounds of affirmative relief, stated in brief, are: George Terry, the mortgagee, died April 15, 1909, intestate, his heirs at law being George W., John P., and Isaac E. Terry, his sons. Angus McCallum was appointed administrator of his estate, and was unable to find any property belonging to the estate, except such as was claimed by John P. Terry, the complainant. George Terry was mentally incompetent when he made the assignment of the note and mortgage, the assignment was brought about by undue influence, by means of persuasions and threats, and statements that said George Terry would lose the amount of said mortgage unless he assigned it to said John P. Terry. The assignment was made for the express purpose of having the said John P. Terry collect the debt evidenced by the note and mortgage for the use and benefit of the said George Terry, assignor. No consideration for said assignment was paid by the said John P. Terry; and the assignment was a fraud upon the creditors of George Terry; one of them being defendant and cross-complainant. The commissioners on claims appointed in the matter of the estate of George Terry had not determined what claims are outstanding, but defendant and cross-complainant avers that besides his claim there are others. Upon information and belief it is charged that there is no other property belonging to the estate of George Terry, except that represented by the note and mortgage. The prayer is that the assignment of

the mortgage may be set aside and canceled and the mortgage be declared to be a part of the estate of George Terry, deceased; if the mortgage is not set aside, that the amount of the claim of said cross-complainant against said George Terry be allowed as a set-off against the amount due on the note and mortgage; that Angus McCallum, administrator, etc., and George W. Terry, may be made parties defendant in the cross-bill, and be required to answer the same.

A subpœna was issued for the defendants named in the cross-bill and was served. Complainant filed a replication and answered the cross-bill. An order was made taking the cross-bill as confessed by George W. Terry. Angus McCallum, the administrator, answered, setting up, among other things, that he had been unable to find any property belonging to the estate of George Terry, deceased, of which he could possess himself, and that he knew of no property except such as was specified in the warrant and inventory filed by the appraisers, the title to which property was claimed by complainant, John P. Terry. Upon information and belief, he alleges that the assignment of the note and mortgage was a pretended assignment, of no force and effect; that the commissioners on claims in the said estate of George Terry, deceased, determined that there was due to defendant Isaac E. Terry from the estate $338.30, and to another claimant $9. He joins with the cross-complainant in his prayer for affirmative relief as in said cross-bill indicated. The cross-complainant filed a replication. Later, by virtue of certain orders made and filed in the cause, complainant filed a supplemental answer to the matters set up in the cross-bill of the defendant Isaac E. Terry, in which he alleges that no appeal had been taken from the determination of the commissioners on claims; said commissioners having disallowed a portion of the claim of the said Isaac E. Terry and allowed him $338.30. On the same day, May 17, 1910, Isaac E. Terry filed a supplemental cross-bill, the matter brought upon the record by the supplemental bill appear-

ing to be that on the hearing before the commissioners on claims the complainant, John P. Terry, as an heir at law of the deceased, presented a set-off to cross-complainant's claim against said estate; that the commissioners heard testimony with respect to the claim and cross-claim or set-off, disallowed a portion of the set-off, and allowed the balance of the claim of the said Isaac E. Terry at the amount already stated, and that no appeal had been taken by any one. Thereupon the administrator filed a further supplemental answer to the cross-bill, in which he sets out as new matter that the expenses of administration of said estate would amount to approximately $150, and for further relief he asks that, if the court finds the assignment of the mortgage should not be set aside, then that John P. Terry, the complainant, be held to have taken the assignment of said mortgage, subject to the payment to the administrator of a sum sufficient to cover the payment of all claims allowed by said commissioners, together with the costs of administration, etc. The administrator makes no one defendant in his answers.

The cause came on to be heard on the 17th of May, 1910, upon the pleadings and upon proofs taken in open court as in a suit at law. Thereafter the court filed an opinion, in which is discussed, first, the contention that the administrator had no right to be heard in this proceeding, but must resort to an action at law against the complainant to recover property in his hands belonging to the estate, with the conclusion that the administrator was properly brought upon the record and entitled in this action to assert the claim and demand of the estate by virtue of sections 16 and 17 of chapter 71 of the Revised Statutes of 1846, as amended by Act No. 326 of the Public Acts of 1905; second, the claim of Isaac E. Terry that the deceased ancestor was mentally incompetent to dispose of his property by deed, and was unduly influenced by the complainant to do so, which claim is, in effect, sustained.

A decree was entered July 19, 1910, finding the amount due upon the note and mortgage; that the alleged assign-

ment of said note and mortgage as to the creditors of the assignor was null and void; that as to the defendant Isaac E. Terry said assignment was null and void because of the mental incompetency of said George Terry, and it was ordered that the complainant pay to the administrator the amount of the claims. allowed by the commissioners on claims in said estate, in default of which payments the assignment aforesaid be set aside and held for naught, and that the administrator recover his costs of and from the complainant. The decree then proceeds to distribute the remainder of said mortgage indebtedness as the probate court might have done; that is to say, it provides that, after paying the funeral debts and expenses of administration, there be deducted from the total amount due on the note and mortgage as a credit .to Isaac E. Terry, the mortgagor, one-third of the amount thereof, that the said Isaac E. Terry recover costs of the suit against complainant, and that the defendant Isaac E. Terry and his wife, the mortgagors, pay, or cause to be paid, to complainant the balance of the amount unpaid on said note and mortgage, in default of which said payment the property mortgaged is ordered to be sold in accordance with the practice in foreclosure proceedings.

Complainant has appealed, claiming that the administrator, McCallum, is entitled to no relief, that the mortgagee, George Terry, was not proved incompetent to transfer the mortgage debt and security, it was not proved that he was fraudulently or improperly influenced to make the transfer, the defendant by his conduct is estopped to assert the said incompetency of his father, and the decree setting aside the assignment of the said debt and mortgage is wrong. A great deal of testimony was taken, most of it relating to the mental condition and conduct of the mortgagee. After listening to able oral arguments, I have, with the aid of the briefs, reviewed the testimony. In considering the contention of defendant Isaac E. Terry, the learned trial judge said in part:

"It involves the question of the mental competency of the deceased as well as the question of undue influence. I think there is plenty of evidence to show the delivery of the papers in question. As to mental competency, there is no question but that during a long life Mr. Terry transacted the ordinary business of a man in his station, including the buying and selling of personal property and real estate and received mortgages without any question of his mental competency being raised. The son, Isaac, now one of the contestants, dealt with him in the matter of this mortgage as late as 1908 as one mentally competent to make such a loan, and the mere opinion of witnesses, who give no facts within their knowledge showing incompetency, has but little weight. The argument upon this phase of the case by complainant's solicitor was the clearest and most exhaustive I have ever heard upon the subject, and there is no doubt but that in nearly all cases the foregoing facts are conclusive in favor of mental competency. A long line of decisions, some of recent date, are to this effect, and I am not at all sanguine but that this case will finally be made to follow this line of decisions because of the precedent any different decision of it might create. Nevertheless I am unable to conclude this assignment ought to be sustained. I base my conclusion upon the peculiar and exceptional facts of this particular case."

No profit can result from setting out the testimony. Whatever else may truthfully be said of him and of various idiosyncrasies he exhibited, it does not appear that George Terry lacked business acumen or mental integrity in business affairs.

The test of the mental competency of a grantor to make a deed has been stated as follows:

" Whether, at the time he executed the deeds in question, he had sufficient mental capacity to understand the business in which he was engaged, to know and understand the extent and value of his property, and how he wanted to dispose of it, and to keep these facts in his mind long enough to plan and effect the conveyances in question without prompting and interference from others." *Hayman* v. *Wakeham*, 133 Mich. 363, 365 (94 N. W. 1062).

Applying this test, it is my opinion that his competency

is conclusively established. The motive which actuated the old gentleman in making the assignment is not very material. The property he disposed of was his own, to do with as he pleased. It is true that the practical effect of his action was a final disposition of all his property, and it is apparent that this fact and the relations he sustained to his sons are considerations affecting, if not controlling, the conclusion reached by the trial court. If he was not fraudulently or improperly influenced, and if he acted with intelligence, both of which facts are, in my opinion, established, his motive, if it can be inquired about, would appear to be to prefer one son to the others. Often matter of curiosity, sometimes of criticism, the preferences shown by parents for particular children, in particular cases, cannot be judicially set aside, unless it is clear that they are the effect of disease, fraud, or estimates of the character and conduct of the children, based upon misconceptions or notions having no foundation in fact. As was said by Mr. Justice MONTGOMERY in a case involving testamentary dispositions of property:

"The question is, not whether the motives of testator were such as to be in all respects approved, but rather whether they were the motives of a sane man."

And it was said in the same opinion, and may also be said here:

"There is not the slightest ground for saying that the testator was under any delusion as to the attitude of his children toward him. The question of whether that attitude justified him in cutting them off with a nominal legacy was a question which he, within his rights as owner of the estate, had the power and legal right to determine." *Reichert* v. *Reichert*, 144 Mich. 295, 297 (107 N. W. 1057, 1058).

See, also, *Spencer* v. *Terry's Estate*, 133 Mich. 39 (94 N. W. 372). In *Bean* v. *Bean*, 144 Mich. 599, 626 (108 N. W. 369, 380), it was said, and the reflection is applicable in the instant case:

170 MICH.—22.

" It must be borne in mind that the father, in cases like the one before us, is not a party to the *post mortem* trial of the soundness of his opinions."

From what has been said, it will be apparent that I do not find that the so-called delusions of George Terry affected the disposition of his property. The conclusion must be the same whether the testimony of Isaac E. Terry upon this subject is regarded as competent or incompetent.

Starting with an assignment of the mortgage unaffected by fraud, undue influence, or the incompetency of the assignor, I notice the contention that as to creditors of the assignor it was invalid. I think it must be accepted as conclusive that the assignor was indebted to Isaac E. Terry. The debt was proved before commissioners on claims, and no appeal has been taken from the adjudication of the commissioners. The amount allowed was $338.30. The inventory and appraisal of the estate of George Terry, the mortgagee and assignor, filed in the probate court, reads as follows:

A true and perfect inventory of all the real estate, goods, chattels, rights and credits of said estate, to wit:

| | |
|---|---:|
| A mortgage given by I. E. Terry for $1,600.00, amount in dispute | $1,600 00 |
| 1 platform wagon supposed to be worth | 20 00 |
| 1 silver watch supposed to be worth | 5 00 |
| 1 certificate of deposit | 50 00 |
| 1 note against Chas. Looney | 150 00 |
| All the above property is claimed to belong to Jno. P. Terry. | |
| The property above mentioned was not exhibited to us. | |
| | $1,825 00 |

John P. Terry, the complainant, paid nothing for the mortgage debt or the assignment thereof to himself. He knew the extent and value of his father's estate, and, of course, knew his age and physical condition. It is not claimed that George Terry could so dispose of his property as to defeat the claims of creditors.

It is contended that his personal representative cannot in this suit have a decree for affirmative relief. He was brought upon the record by defendant's cross-bill, which he answered, asking for affirmative relief, but without making complainant or any other person defendant in his cross-bill, if his answer may be treated as a cross-bill. It is contended, also, that the administrator is not aided by the pleadings and prayer of the defendant Isaac E. Terry, and that he had an adequate remedy at law. Except as affecting costs, the point is not very material.

What the administrator might have done, and what he may now do, if the entire matter is not settled in this proceeding, is indicated in Act No. 326, Public Acts of 1905. By the filing of the original bill and the service of process, the court acquired jurisdiction. Defendant Isaac E. Terry, who was the only considerable creditor of his deceased father, contended, as he had the right to do, that the mortgage, in the hands of complainant, was property out of which the debts of the estate ought to be paid. See *Snyder* v. *Snyder*, 131 Mich. 658 (92 N. W. 353); *McFarlan* v. *McFarlan*, 155 Mich. 652 (119 N. W. 1108). The administrator had not brought suit, and did not apply to intervene in this proceeding. He did answer the cross-bill of defendant, and the cause apparently went to hearing without objection based upon his intervention.

The facts are all before the court upon the present record. The conclusion from the facts is that defendants Isaac E. Terry and wife owe the mortgage debt, that the complainant holds the mortgage subject to the debts of his assignor and the expenses of administering his estate. The amount of the debts, and expenses of administration being determined and paid, complainant is entitled to all other beneficial interest in the mortgage. This court may order the mortgage turned over to the administrator for foreclosure. It may, under all the circumstances, exercise some discretion with respect to denying to the complainant all relief. It may grant him relief upon conditions.

A decree may be entered, with the provision therein that defendants Isaac E. and Viola Terry may, within 60 days after entry of the decree, discharge the same by paying to the register in chancery of the circuit court for the county of Oakland the principal and interest of the mortgage debt, the costs of the complainant in the circuit court to be taxed, and $150, costs of this appeal, for which purpose the said register may accept as part payment the amount of the demand of said Isaac E. Terry against the estate of George Terry, deceased, upon the filing with him of a proper receipt therefor, running to the administrator of said estate. Out of the sum so paid into court, including said receipt, the register shall pay to the administrator the amount necessary to pay the claims allowed against said estate and the expenses of administering the same, not including any costs or solicitor's fee for the administrator, for which purpose the findings contained in the decree of the court below will be accepted. The residue and remainder shall be paid to the complainant and his receipt taken therefor.

If the said decree shall not be so discharged within the time so limited therefor, complainant may, within 10 days thereafter, pay to the said register, for the use of the administrator, the amount of the debts proven against said estate and the costs and expenses of administration, not including any taxed or taxable costs or solicitor's fee, and may thereupon proceed to sell the mortgaged premises, after the usual course and practice of foreclosure sales, for the amount due thereon, the costs and expenses of said foreclosure suit in the circuit court to be taxed, and $150, costs of this appeal.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. BIRD, J., did not sit.