## WRIGHT *v.* SMITH.

1. JOINT TENANCY—OWNERSHIP OF FUNDS FIXED BY CERTIFICATES OF DEPOSIT PAYABLE TO EITHER OR SURVIVOR.

   Under 2 Comp. Laws 1915, § 8040, certificates of deposit issued in joint names and payable to the order of either or the survivor were sufficient to fix the ownership of the funds in the survivor, in the absence of evidence to the contrary.[1]

2. SAME—PRESUMPTION OF OWNERSHIP—PARTNERSHIP.

   Evidence that the funds so deposited had belonged to a

---

[1] Joint Tenancy, 33 C. J. § 6.

partnership of the persons named, if it had any bearing, did not overcome the presumption of ownership in the survivor created by the certificates of deposit.[2]

Error to Gladwin; Smith (Guy E.), J.    Submitted April 29, 1926.    (Docket No. 125.)    Decided July 1, 1926.

Merton H. Wright, administrator of the estate of Deram Mills, deceased, appealed from an order of the probate court allowing the final account of Gordon M. Smith, executor of the last will of said Deram Mills, deceased.    ·Judgment for defendant *non obstante veredicto*.    Plaintiff brings error.    Affirmed.

*Kinnane & Leibrand,* for appellant.

*John C. Shaffer* and *Gilbert W. Hand,* for appellee.

CLARK, J.    Deram Mills died testate.    After his grandson, defendant Smith, had acted as executor for a time he was removed, and plaintiff was appointed administrator.    The question is on the executor's refusal to account for funds which he had received on four certificates of deposit.    The deposits were made in a bank by Mr. Mills and the certificates were made "payable in current funds to the order of himself or Gordon M. Smith or their survivor."    Defendant had judgment notwithstanding the verdict and plaintiff brings error.

Under the statute (2 Comp. Laws 1915, § 8040), and the decisions (see *In re Taylor's Estate,* 213 Mich. 497, and cases there cited), and in the absence of competent evidence to the contrary, the certificates were sufficient to fix the ownership of the funds in the persons named as joint tenants with the attendant right of survivorship therein, and hence to establish title to the deposits in the survivor, the defendant.

As evidence that it was not intended that the funds

---

[2]Joint Tenancy, 33 C. J. § 6.

were to be so owned, plaintiff had testimony of oral statements of defendant to the effect that the funds so deposited had belonged to a partnership of the persons named.    This evidence, if it had any bearing, merely tended to show an additional reason for making the deposits in the manner indicated; it did not disturb the presumption created by the certificates.

A small charge for pasturing livestock was also urged and submitted to the jury.    There was some evidence that it was the duty of the executor to account for it, but it was not shown that he had not done so.

No other question is before the court.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.