FIRST NATIONAL BANK & TRUST CO. *v.* HUNTLEY.

1. JOINT TENANCY—DEPOSITS IN BANKS—STATUTES—SURVIVORSHIP.
   Where deposit in bank is specifically made joint in form provided by 2 Comp. Laws 1915, § 8040, right of survivorship exists.

2. SAME—JOINT TENANCY MUST BE IMMEDIATELY EFFECTIVE AND NOT FUTURE.
   In creating joint tenancy under said statute, deposit must be made immediately effective as joint deposit, at once payable to either person named, and is not to be extended to cover deposits on instructions testamentary in character, or deposits intended to take joint effect on future condition.

3. SAME.
   Where signature card relating to deposit in bank by father did not create joint account *in præsenti,* as required by statute, but provision for payment to sons was future and conditional, joint tenancy was not created, and therefore no right of survivorship exists.

4. GIFTS—GIFT INTER VIVOS MUST TAKE IMMEDIATE EFFECT.
   To effectuate gift *inter vivos,* there must be unconditional delivery, either to donee direct or to some one for him, and right of disposition must be wholly beyond power of donor.

5. SAME—GIFT INTER VIVOS NOT ESTABLISHED.
   Where son claims that his father made him gift *inter vivos* of money in bank, but father continued to draw checks thereon, and son's possession of bank book was merely for convenience in handling the fund in compliance with father's wishes, gift *inter vivos* is not established.

6. APPEAL AND ERROR—INTERPLEADER—BILL DISMISSED WHERE PROPER PARTY NOT REPRESENTED.
   Where bank filed bill of interpleader to determine ownership of savings account, and it appears, on appeal, that money belongs to deceased depositor's estate, which is not represented in suit, decree of court below in favor of depositor's son, as survivor, is set aside, and decree entered dismissing bill.

---

Gift or trust by deposit of funds belonging to depositor in a bank account in the name of himself and another, see annotation in 48 A. L. R. 189; 66 A. L. R. 881.

On the question of gift of savings deposit by delivery of pass book, see annotation in 40 A. L. R. 1249.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 17, 1930. (Docket No. 78, Calendar No. 34,335.) Decided October 3, 1930.

Bill of interpleader by First National Bank & Trust Company in Pontiac, Michigan, against Olive Huntley, administratrix of the estate of Wilbert Huntley, deceased, and Elmer Huntley to determine the ownership of a savings account. From a decree for defendant Elmer Huntley, defendant Olive Huntley appeals. Reversed.

*Perry & Lynch,* for defendant Olive Huntley.

*George A. Cram,* for defendant Elmer Huntley.

FEAD, J. This is a bill of interpleader to determine the ownership of a savings account deposited in plaintiff bank by John Huntley, under a signature card which originally named no one but himself. but was later amended, again signed by him, and in final form was as follows:

"We hereby agree to the by-laws and regulations of the American National Bank and that this account is payable to either or both of us and to the survivor, who, by agreement between us, will be the sole owner of the balance of the account at the death of either.

"JOHN HUNTLEY                    In case of death or
                                 sickness money to
"JOHN HUNTLEY                    go to son.
     23 Douglas St.
               "WILBERT and ELMER HUNTLEY."

Wilbert Huntley died January 8, 1926, leaving a widow, defendant Olive Huntley, and two children, John Huntley died December 12, 1926, leaving as his heirs his son, Elmer, and Wilbert's children. Olive

Huntley claims one-half the deposit as administratrix of Wilbert's estate. Elmer claims the whole deposit under 2 Comp. Laws 1915, § 8040:

"Sec. 3. When a deposit shall be made in any bank or trust company by any person *in the name of such depositor or any other person, and in form to be paid to either or the survivor of them,* such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to *either during the lifetime of both, or to the survivor after the death of one of them,* and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof."

This statute has been before the court many times and the right of survivorship sustained where the deposit was specifically made joint and in the form provided. *In re Taylor's Estate,* 213 Mich. 497, in which the earlier cases are collected; *Murphy* v. *Michigan Trust Co.,* 221 Mich. 243; *Wright* v. *Smith,* 235 Mich. 509. The act clearly requires that the deposit shall be made immediately effective as a joint deposit, at once payable to either person named. It is not to be extended to deposits on instructions testamentary in character. *Union Trust & Savings Bank* v. *Tyler,* 161 Mich. 561. Nor can it fairly be construed to cover a deposit to take joint effect on a future condition of such indefinite nature as "in case of sickness." The purpose of the statute to authorize joint deposits, to declare their ef-

fect, and to protect the bank on payment, would be subverted by extending it to future uncertain and conditional instructions.

The savings account was kept in the name of John Huntley. Reading the signature card as a whole, it did not create a joint account *in præsenti*, but the provision for the payment to the sons was future and conditional. The deposit was not in the form required by statute and did not raise the presumption of joint tenancy and survivorship, as declared in the above cases. Nor did the extrinsic circumstances support the claim. Elmer drew two checks on the account before his father's death, but in both cases he signed his father's name to them, and his doing so was under express oral authority of his father, given both to him and to the bank. At no time did Elmer assume to exercise any control of the fund except on permission of the father, nor did the father recognize Elmer's individual power to draw checks.

The deposit was not within the statute. Elmer had no right of survivorship thereunder.

Elmer further contends that his father made him a gift *inter vivos* of the fund. In April, 1926, the father became ill and was taken to Ann Arbor for treatment and Elmer claimed the father then made him the gift. Assuming his testimony was competent, it did no more than show an attempted testamentary disposition of the fund. He was given the savings book, told to pay the father's expenses, and that he was to have the remainder at the father's death.

"To effectuate a gift *inter vivos*, there must be an unconditional delivery, either to the donee direct or to some one for him, and the right of disposition

must be wholly beyond the power of the donor." *Chaddock* v. *Chaddock*, 134 Mich. 48.

It is clear that neither Elmer nor his father understood that a gift *inter vivos* was made. Elmer exercised no individual control of the fund during his father's lifetime, but handled it only at the latter's order. His possession of the book was merely for convenience in complying with the father's wishes. The checks he drew were upon the father's direction and he signed the latter's name. Not until after the father's death did he assume to draw checks in his own right and name. The father's understanding that he. still owned the account was demonstrated by his having drawn a check upon it after the claimed gift and a short time before his death.

The state of the record complicates the disposition of the case. By order of court the heirs of Wilbert Huntley were made parties and Olive was appointed their guardian *ad litem,* directed to intervene and file answer as such guardian. No notice of intervention or answer was filed. Elmer had decree of ownership of the whole fund. Olive took appeal as administratrix but no appeal on behalf of the children was had. Neither Elmer nor Olive, as administratrix, is entitled to any part of the fund by virtue of the deposit contract. The money belongs to the estate of John Huntley. The estate is not represented here. In view of the situation, we have no recourse upon this record but to set aside the decree and enter one dismissing plaintiff's bill and Elmer Huntley's cross-bill, both without costs.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.