RASEY *v.* CURREY'S ESTATE.

1. BANKS AND BANKING—JOINT SAVINGS ACCOUNT—DESIGNATION.
   Mere designation by depositor to pay savings bank deposit to herself or nephew created interest in him contingent upon his survivorship, was revocable and arrangement as made did not impress a trust upon the deposit.

2. GIFTS—INTER VIVOS—SAVINGS BANK DEPOSIT.
   Designation of savings bank deposit as one subject to order of depositor or nephew is not a gift *inter vivos* as depositor is not stripped of ownership or dominion and separate right was not vested in alleged donee.

3. DESCENT AND DISTRIBUTION—JOINT SAVINGS BANK DEPOSIT.
   Savings bank deposit in joint names of aunt and nephew vested in aunt upon his death and his widow has no right thereto merely because she survived him (3 Comp. Laws 1929, § 12063).

4. Trusts—Savings Bank Deposit—Intent.

> Savings bank deposit held, not in· the nature of a trust fund either while joint or otherwise where evidence showed depositor intended to keep income for herself and changed designation of account at pleasure.

5.  Specific Performance—Contracts—Savings Bank Deposit—Evidence—Adequate Remedy at Law.

> Bill to specifically perform alleged contract to transfer savings bank deposit in return for care and board of elderly lady is dismissed where evidence negatives existence of, such a contract and plaintiff's remedy, if she has one, is adequately provided for by law.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted October 13, 1933. (Docket No. 68, Calendar No. 37,384.) Decided December 29, 1933.

Bill by Alice Rasey against estate of Elizabeth Currey, deceased, Dora B. Corey, as executrix and sole beneficiary under will of testatrix, and Old State Bank of Fremont for specific performance of agreement to transfer savings bank deposit. Decree for plaintiff. Defendants estate and Corey appeal. Bill dismissed.

*Harry D. Reber,* for appellants.

*Wm. J. Branstrom,* for appellee.

Wiest, J. The bill herein was filed to have money on deposit in a bank impressed with a trust or held as a gift *inter vivos* in payment of a claim of plaintiff for care and board furnished the depositor, now deceased, and whose estate is in course of probate under will in the· State of New York. Plaintiff claims that for many years Elizabeth Currey, the deceased, made her home, a part of each year, with plaintiff and her husband, now also deceased, under promise

to recompense them.  Mrs. Currey was Mr. Rasey's aunt, and she had a savings deposit in the Old State Bank of Fremont, which was opened in the names of John Rasey or Elizabeth Currey, and was carried under these names on the bank records until March, 1932, when, at the request of Mrs. Currey, the name of John Rasey and the word "or" were stricken out by T. I. Fry, cashier of the bank, leaving the account on the bank records in the name of Elizabeth Currey alone.  Later she directed that, after the name of Elizabeth Currey, there be written in "or Mrs. Dora Corey, or survivor of either." This was done during the lifetime of Mr. Rasey. Mr. Rasey died May 22, 1932.  In June, 1932, from her home in New York, Mrs. Currey sent a draft for withdrawal of the whole deposit.  The bank at Fremont thereupon notified her that:

"Under the agreement of the banks of this county, we are only permitting limited withdrawals at this time and wish to state that we would be pleased to send you $100 or up to $500 at any time you wish it."

We assume that Mrs. Currey left a will for Dora B. Corey, a stepdaughter, is averred to be executrix and sole beneficiary of the estate, but when the will was admitted to probate in New York or what proceedings have there been had is not made to appear. No ancillary probate proceedings have been had in this State.

Plaintiff claims that the deposit was impressed with a trust use to pay for Mrs. Currey's care and board and, if not so found, then there was a gift *inter vivos.*  Counsel for defendant estate contends that there was no such trust use or gift *inter vivos* because a trust agreement was not shown and there was no passing of ownership or sole dominion over the deposit to plaintiff's husband,

The circuit judge found the alleged trust and underlying agreement and decreed the deposit to plaintiff as survivor of herself and husband in specific performance thereof.

The executrix of the estate prosecutes review by appeal.

The claimed agreement rests mainly upon the testimony of the attorney for plaintiff, and we state the substance thereof:

"Some time in August of 1931 * * * I was in the bank in Fremont and someone—I don't know whether it was Mr. Fry or someone else in the bank—but somebody told me that someone in the back room wanted to see me and so I went in there and John Rasey and this old lady were there. Apparently they had been going through some papers as they were sitting there and had some bank books and one thing and another and they were talking among themselves. I don't know whether I got the information from Mrs. Currey or from John Rasey that they had just returned from New York, where Mrs. Currey had been living with some relatives, but she wanted to know of me if any of her relatives could come in and disturb an account that she had made at the Old State Bank for the benefit of John Rasey and his wife. I asked her something about the details and she said that she had been living with John and his wife and that she had also lived in New York a number of years since the death of her son and she stated that * * * she had about $8,000 in money and that when her son went the only friends she had left were John Rasey and his wife and this relative in New York. I don't think she told me what the nature of this relationship was between her and this woman in New York but she said she wanted John and his wife to have about half of the money and this girl in New York to have half of the money and so she had made this ac-

count, and arranged it at the banks, both in New York and in Fremont; that John and his wife had been very good to her; that they had made a home for her and in fact it was the only home she had. * * * Well, I asked her the nature of the arrangement under which she had deposited this money and I understood her to say that she had made an account in the name of herself and John Rasey and Alice Rasey; that it was to be John Rasey's and Alice Rasey's money when she was through with it to sort of compensate them for what they had done for her, but that she was to have the income from this money as long as she lived, if she wanted it. * * * I asked her why she didn't make a will and she said that she didn't want to make a will because she didn't want Mr. and Mrs. Rasey to go to the expense of probating this estate. That is about the substance of all that was said; I told Mrs. Currey that if that was what she wanted nothing further was necessary and that is the only talk I ever had with John Rasey and Mrs. Rasey and Mrs. Currey on the subject.''

Outside of this testimony there was some to the effect that Mrs. Currey had said that she intended to recompense the Raseys for their care of her.

It is clear that Mrs. Currey felt very friendly toward Mr. Rasey, who was her nephew, and intended at one time to make him a gift to take effect at the time of her death, but she was shrewd enough to not place her means beyond her control, and later she expressly withdrew the prospective gift. The money was all deposited by Mrs. Currey. Here was no gift, by way of absolute transfer, or to take immediate effect, but, at the inception of the arrangement and in its very designation of terms, was contingent upon survivorship of John Rasey. It was not irrevocable and did not impress a trust upon

the deposit. If a depositor directs a bank to pay the deposit to the depositor, or another designated, the depositor may change the designation or limit payment to himself or his order. The designation of the bank account as one subject to the order of Mrs. Currey or Mr. Rasey did not constitute a gift *inter vivos,* for it did not strip Mrs. Currey of all ownership of and dominion over the deposit. The death of Mr. Rasey preceded that of Mrs. Currey and, had the designation continued until his death, then Mrs. Currey, in any event, would take the deposit as survivor.

Plaintiff in this case can assert no greater right under the theory of trust than could Mr. Rasey during his lifetime. This is not an instance where Mrs. Rasey can claim by right of survivorship of herself and Mr. Rasey, for the right of Mr. Rasey to the deposit, in any event, depended upon his surviving Mrs. Currey.

The deposit was at one time on the books of the bank in the name of John Rasey or Elizabeth Currey and the authorized withdrawal signatures were John Rasey and Elizabeth Currey. Under the evidence relating to the deposit and the disclosed intention of making it joint, with right of withdrawal not only in, but repeatedly exercised by, Mrs. Currey, and recognized as of right by the bank under the form of deposit, it clearly appears that the deposit was joint and, even if it so remained to the time of death of Mr. Rasey, right of survivorship was in Mrs. Currey and became vested. 3 Comp. Laws 1929, § 12063; *First National Bank & Trust Co.* v. *Huntley,* 251 Mich. 483; *Equitable & Central Trust Co.* v. *Zdziebko,* 260 Mich. 366. At the death of Mr. Rasey, Mrs. Currey, as survivor, remained sole owner of the deposit. Mr. Rasey was not the

survivor and plaintiff is not survivor of the survivor.

When the deposit was joint it was not in the nature of a trust fund. Subsequent direction by Mrs. Currey to make it payable to her alone, and later direction to pay to her or Dora B. Corey, or the survivor, did not in any sense constitute the deposit a trust fund. There was no gift *inter vivos* of the deposit for no separate right thereto was vested in Mr. Rasey. *Snyder* v. *Snyder,* 131 Mich. 658; *Chaddock* v. *Chaddock,* 134 Mich. 48; *First National Bank & Trust Co.* v. *Huntley, supra.* If the deposit were a trust fund it would pass to the estate of Mr. Rasey and not to plaintiff, as survivor.

If plaintiff has a claim it is one at law against the estate and should be presented in the manner provided by law. The bill cannot be maintained under the theory of specific performance of a contract to transfer the deposit to Mr. Rasey. Such a contract is negatived by the evidence in the case and, besides, plaintiff's remedy, if she has any claim, is adequately provided for by law and equity may not, in a case like this, grant specific performance. Plaintiff established no case for equitable relief.

The decree is reversed and the bill dismissed, with costs to defendant estate.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, FEAD, and BUTZEL, JJ., concurred with WIEST, J. NORTH, J., concurred in the result.