## LAIRD *v.* LAIRD.

1. WITNESSES—MATTERS WITHIN DECEDENT'S KNOWLEDGE—PARTIES IN INTEREST.

> The wife of complainant in a bill for specific performance of a contract by which her husband's father was to give the husband whatever property he should die seised of is a party in interest, because of her homestead and dower rights in any land covered by such contract, rendering her incompetent, under 3 How. Stat. § 7545, to testify to conversations with decedent.

2. INCONSISTENT REMEDIES — ELECTION — WILLS — CLAIM AGAINST ESTATE.

> A son of testator, who secures the probate of the will, devising certain land to him, subject to the payment of a specified amount to his brothers and sisters, and then obtains an order to sell the land to pay a debt to himself for boarding the father, and the expenses of administration, cannot afterwards, and while his claim against the estate is pending on appeal, maintain a bill for specific performance of an alleged parol agreement by the father to give to him whatever property he should die seised of, in consideration of such board.

Appeal from Wayne; Lillibridge, J. Submitted October 5, 1897. Decided December 21, 1897.

Bill by Charles Laird against William C. Laird and others, heirs of James Laird, deceased, for the specific performance of a land contract alleged to have been made by deceased in his lifetime. From a decree dismissing the bill, complainant appeals. Affirmed.

*James H. Pound,* for complainant.

*C. E. Warner,* for defendants.

GRANT, J. Complainant seeks to enforce the specific performance of a parol land contract, claimed to have been made with his father, James Laird, deceased. The

defendants are his brothers and sister. The contract alleged in the bill is that his father boarded with complainant and his wife "with the express promise that at his death he, said James Laird, should give to your orator, in compensation of his said board, whatever property he died seised of." The contract is stated by complainant's wife thus:

"He (my husband) told father, he said, if the house was not rented by next Wednesday, we will move; and I said, 'No, I want to know how we stand.' 'Well,' he said, 'I have not paid you any board. You may move into the house, and consider it your own, but we will have to pay all the taxes, and make all the repairs, and fix it to suit yourselves. It will be yours along with the rest, but not until I am done.'"

This was in 1888. Complainant and his wife took possession of the house, and occupied it rent free; the father living with them until his death, in 1893. They lived together as one family.

1. Is the testimony of complainant's wife competent, under 3 How. Stat. § 7545; Act No. 121, Pub. Acts 1895? She has a direct interest in the subject-matter of the litigation. If the agreement be sustained, she secures homestead and dower rights, of neither of which can she be deprived except by her own voluntary act. She is as deeply interested as her husband. If the legal title be in him, he cannot convey it, or deprive her of possession. She can hold possession during her life. She is, therefore, a party in interest, within both the letter and spirit of the law, and her testimony must be excluded from consideration. *In re Lambie's Estate,* 97 Mich. 58; *Hillman* v. *Schwenk,* 68 Mich. 293, 301.

2. The defendants reside in Scotland. The father, a common laborer, was of frugal habits, and left an estate, real and personal, which inventoried $3,975.29. He left no debts, and no claims were presented against the estate except that of the complainant for board, etc., amounting to $1,261.75, to which, under the theory of the existence of

this contract, he was not entitled. Mr. Laird was a member of the Presbyterian church, and Dr. Dickie was his pastor. He had been ill nine days before his death. Dr. Dickie wrote the will, which was witnessed by him and Mr. Laird's physician, Dr. Barclay. The will was executed the day of his death, and several hours previous thereto. Complainant and his wife at the time both knew of its execution, and its terms. Complainant and one Taylor were made executors. It devised the house where complainant lived to him, subject to the payment of $1,000 to the executors, to be divided, with his other property, equally among testator's other children. The house and lot bequeathed to complainant was of the value of $1,800. Complainant's wife testified that she went into the room with Dr. Dickie, and said to Mr. Laird, "Now, father, tell Mr. Dickie what you want done." The deceased then informed Dr. Dickie what he desired to do with his property. Dr. Dickie wrote the will in accordance with his directions. Dr. Barclay testified that he was of sound mind at the time.

The will was executed January 10, 1893. Complainant presented it to the probate court, and petitioned for its probate. It was duly probated, complainant's claim allowed, and, upon the petition of the complainant, an order made to sell the real estate to pay the debts and expenses of administration. The petition stated the expenses of administration to be $275. Meanwhile the complainant had not informed his brothers and sister of his claim against the estate, or of its allowance, or of the proceedings taken to sell the land. It is evident that he intentionally kept this information from them. On learning the situation, the defendants took steps to appeal from the allowance of complainant's claim, and secured from this court an order allowing such appeal. After this was done, the complainant filed this bill on October 16, 1895. He made no claim of this alleged contract, either to Dr. Dickie or to his father, at the time the will was executed. He has not yet abandoned his claim against the estate, and it is still pend-

ing in the circuit court.  This conduct is utterly inconsistent with the claim set up in this bill.  The will is inconsistent with it, and the rent and the devise to him of the house and lot appear to have been ample compensation for the care of the father.  The will is equitable and just. The subsequent conduct of the complainant ratified it, and debars him from now setting up another and inconsistent claim.  He deliberately, and with full knowledge of the facts, chose his remedy, and must abide by it. - *Hinchman* v. *Weeks*, 85 Mich. 535; *Sullivan* v. *Ross' Estate*, 113 Mich. 314.

It is unimportant to discuss the testimony claimed to show a contract resting entirely in parol.

The decree is affirmed, with costs.

The other Justices concurred.