DUNN v. DUNN'S ESTATE.

ESTATES OF DECEDENTS — WITNESSES — COMPETENCY — WIFE OF
CLAIMANT.

  In a proceeding against a decedent's estate for damages for the
  breach of an oral contract to convey land, claimant's wife is
  a competent witness in his behalf to prove the contract; her
  interest not being such as to constitute her an "opposite
  party," within 3 Comp. Laws, § 10212. *Laird* v. *Laird*, 115
  Mich. 352, distinguished.

Error to Washtenaw; Kinne, J. Submitted February
12, 1901. Decided July 2, 1901.

Charles Dunn presented a claim against the estate of
Isaac Dunn, deceased, for the breach of a contract to con-
vey real estate. The claim was disallowed by the commis-
sioners, and claimant appealed to the circuit court, where
he obtained a judgment. Defendant brings error. Af-
firmed.

*Lehmann Bros. & Stivers*, for appellant.

*Randall & Jones*, for appellee.

MOORE, J. Charles Dunn presented a claim against
the estate of his deceased father. His claim was dis-
allowed by the commissioners. He appealed the case to
the circuit court, where it was tried by a jury, who ren-
dered a verdict in his favor for $500. The case is brought
here by writ of error.

It is the claim of Charles Dunn that in 1876 he moved
upon and took possession of a farm belonging to his
father, Isaac Dunn, situated in the county of Ingham,
embracing some 200 acres of land, under the agreement
with his father that he (Charles Dunn) should go on and
occupy said farm, and make certain improvements there-
on, and that in consideration thereof the father would, at
his death, leave said 200 acres of land to Charles as his
own property; that, in pursuance of said agreement, the

claimant did go on and occupy said farm, make certain improvements there, spend certain sums of money; that in 1883 claimant, at the request of his father, removed from said farm, and occupied another farm near the residence of his father, in Ann Arbor; that he never released or abandoned his right in said property. He also claims that, without his knowledge or consent, his father deeded 90 acres of the land to another person, which deed was not to be delivered and recorded until after the death of Isaac Dunn, when it was delivered and recorded.

Upon the trial Anna E. Dunn, the wife of Charles Dunn, was allowed to testify. The principal question in the case is whether she was a competent witness or not. The appellant claims that she was not a competent witness under the statute (3 Comp. Laws, § 10212). Counsel assert the case is controlled by *Laird* v. *Laird*, 115 Mich. 352 (73 N. W. 382). We cannot agree with counsel in this contention. *Laird* v. *Laird* was a case where a bill was filed for the specific performance of an oral land contract. If a decree was rendered as prayed for in the bill, the wife would secure homestead and dower rights, of which she could not be deprived except by her own voluntary act. For these reasons it was held she was a party in interest within both the letter and spirit of the law. In the case at bar a claim is presented for damages for a breach of an agreement. If the claim is allowed, it belongs to the husband. The wife has no more interest in it than she would have in the result of any other litigation determined in his favor. She is not a party in interest, within either the letter or spirit of the law. The precise question was involved in *Cotherman* v. *Cotherman's Estate*, 58 Mich. 467 (25 N. W. 467), where it was held the wife was competent to testify. See, also, *Slack* v. *Norton*, 111 Mich. 213 (69 N. W. 497).

The other assignments of error have been considered, but do not call for discussion.

Judgment is affirmed.

The other Justices concurred.