*In re* MOON'S ESTATE.

APPEAL OF WATKINS.

1. WITNESSES—ESTATES OF DECEDENTS—CLAIMANT'S WIFE NOT AN "OPPOSITE PARTY."

   In a husband's action against decedent's estate for board, nursing, and other services, the testimony of plaintiff's wife was not inadmissible as an "opposite party" under 3 Comp. Laws 1915, § 12553, on the ground that she was the wife and also a legatee.

On right of married woman to maintain action for board or lodging of, or services rendered to a third person living in the home, see note in 46 L. R. A. (N. S.) 238.

On competency as a witness of the husband or wife of a party to an action involving a decedent's estate, see note in L. R. A. 1917A, 2.

2. HUSBAND AND WIFE—RIGHT OF HUSBAND TO RECOVER FOR WIFE'S SERVICES—MARRIED WOMEN'S ACT.

Notwithstanding 3 Comp. Laws 1915, § 11478, relating to the right of married women to earnings, a husband may recover for the services of his wife to decedent in an action therefor against the estate.

3. CONTRACTS—EXPRESS—IMPLIED—INSTRUCTIONS.

Where a claim against an estate for services was asserted on both express and implied contracts, the trial judge was not in error in instructing the jury that if no express contract was found then there might be a recovery on a contract implied by the circumstances.

4. ESTATES OF DECEDENTS—CLAIM OF HUSBAND NOT CONCLUDED BY BEQUEST TO WIFE—WILLS.

A bequest of $1,000 to claimant's wife on condition that she care for decedent until his death, and, if she had not so cared for him, then she was to receive only $500, was not conclusive of the husband's right to recover in an action on a claim for board, nursing and other services rendered to decedent.

5. WITNESSES—COMPETENCY—OPINION EVIDENCE.

In an action against decedent's estate for board, nursing and other services rendered to decedent on his farm, housewives and farmers were qualified to express an opinion as to the value of said board, etc., the weight of their testimony being for the jury.

Error to Kalamazoo; Weimer (George V.), J. Submitted April 26, 1922. (Docket No. 12.) Decided June 5, 1922.

John Watkins presented a claim against the estate of Charles W. Moon, deceased, for services rendered. The claim was disallowed in part, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Alfred S. Frost* (*Charles H. Farrell,* of counsel), for appellant.

*Harry C. Howard* (*Henry M. Kimball,* of counsel), for appellee.

CLARK, J.  Plaintiff presented against the estate of Charles W. Moon a claim in the sum of $5,032 for board, nursing, and other services rendered deceased by plaintiff and wife, covering a period beginning in April, 1909, and ending in May, 1920, when Mr. Moon died.  Deceased owned a farm in Kalamazoo county on which he lived many years, and near which plaintiff and wife at one time resided.  Deceased, his wife being dead, requested plaintiff, with whom he was acquainted and who was then living in Chicago, to come and work the farm.  Plaintiff with his wife came and took possession of the farm under an agreement to work it on shares.  The share agreement was carried out during the period stated, plaintiff and wife and deceased living together on the farm.

It is plaintiff's claim that deceased paid nothing for board, washing, nursing, etc., furnished him during that period and that it was agreed that deceased would by testamentary disposition compensate plaintiff for such board and services rendered in plaintiff's home by plaintiff and his wife.  Testimony of an agreement so to compensate was given by plaintiff's wife, who said that soon after going upon the farm her husband was told by deceased:

"He said if he would take care of him as long as he lived, he would leave him something that would do him some good.  He says, 'I will leave you something that will do you some good.' "

And she further testified:

"Q. I will now ask you, was there ever anything mentioned between you and your husband and Mr. Moon, in regard to compensation?

"A. Yes, sir; he said he would remember my husband, if he would stay with him as long as he lived, and do the right thing by him and see—

"Q. (Interrupting) When did that conversation take place?

"A. A year or so after we came there.  *  *  *

"*Q.* Now, he never then said anything about remembering you?

"*A.* No, sir; he did not.

"*Q.* You heard him say that to your husband?

"*A.* Yes, sir.

"*Q.* Was that the time your husband was over to see him? There was no amount mentioned?

"*A.* That was after we came there. There was no amount mentioned."

Her testimony supports the claim that the compensation for all such services by herself and her husband was to be made to plaintiff and that nothing was paid.

Plaintiff was not kin of the deceased. The will gave plaintiff's wife $1,000 and made her one of several residuary legatees, but gave nothing to plaintiff. We quote a paragraph of the will:

"I give, devise and bequeath to Sarah Watkins, $1,000, my bird cage and birds, and the picture 'Rock of Ages.' The legacy of $1,000 mentioned in this paragraph is given on the express condition that said Sarah Watkins shall have remained with me and cared for me until the time of my death. If the said Sarah Watkins does not care for me as above, then I give, devise and bequeath to the said Sarah Watkins the sum of $500 and the balance, $500 of the said $1,000 legacy shall become a part of the residue of my estate and be disposed of by the 10th paragraph of this my last will and testament."

The claim is asserted on both express and implied contract. From the report of the commissioners on claims an appeal was taken. The court charged on the theory of an express contract. He also instructed that if no express contract was found then there might be a recovery on a contract implied by the circumstances. Plaintiff had verdict and judgment for $3,500. The estate has brought the case here by writ of error.

It is urged that the testimony of plaintiff's wife, quoted above, was inadmissible because of section

12553, 3 Comp. Laws 1915, relating to the testimony of an opposite party, on the ground that she was the wife and also a legatee, and counsel cite *Laird* v. *Laird*, 115 Mich. 352; *Chaddock* v. *Chaddock*, 134 Mich. 48; *Guntzviller* v. *Gitre*, 195 Mich. 695; *Ruch* v. *Ruch*, 159 Mich. 231. These cases involve the question of specific performance where the wife was interested because of homestead and dower and are distinguishable. See *Dunn* v. *Dunn's Estate*, 127 Mich. 385. The testimony was admissible under the following cases: *Dunn* v. *Dunn's Estate, supra; Weessies* v. *Van Dyke's Estate*, 159 Mich. 180; *In re Day's Estate*, 197 Mich. 604; *In re Burnham's Estate*, 199 Mich. 326; *In re Van Dyke's Estate*, 171 Mich. 195.

The estate contends that plaintiff may not recover for the services of his wife because of section 11478, 3 Comp. Laws 1915 (Act No. 196, Pub. Acts 1911), relating to the right of married women to earnings. The question as here presented is settled adversely to the estate by *Gregory* v. *Oakland Motor Car Co.*, 181 Mich. 101.

It is said that the court erred in the instructions relating to express contract and implied contract as above stated, citing *Schurr* v. *Savigny*, 85 Mich. 144. See, also, *Smith* v. *Manufacturing Co.*, 175 Mich. 371; *Shaw* v. *Armstrong*, 88 Mich. 311; *Swarthout* v. *Lucas*, 101 Mich. 609; *Ruttle* v. *Foss*, 161 Mich. 132; *Hollister* v. *Kinyon's Estate*, 195 Mich. 261. We think these cases are distinguishable from the case at bar. A case in point is *Van Fleet* v. *Van Fleet*, 50 Mich. 1 (opinion by Justice COOLEY), from which we quote:

"The respondent insisted that if the evidence showed an express contract between the parties there could be no recovery for the labor on an implied contract. *Galloway* v. *Holmes*, 1 Doug. (Mich.) 330; *Peters* v. *Gallagher*, 37 Mich. 407. The principle is plain enough, but it has no application here. The plaintiff relied upon an express understanding that he should

be paid for his services whether he received the land or not; and he also claimed that, if the evidence failed to show an express agreement to that effect, it showed facts from which such an understanding must be implied.    If the jury was with him on the first branch of the case, he would recover on the express contract; if on the second branch of the case, he would recover on the contract implied by the circumstances, no express contract being made out.    But the claimant did not pretend that a contract could be implied for services which were covered by an express contract, and the instructions to the jury conceded that if an express contract was made out, the case must be governed by it."

The language of the bequest to plaintiff's wife was not conclusive with respect to his claim.    The matter was fully covered by an instruction.    We find no error in the charge.

Opinions of housewives and farmers were received relative to the value of the board and services, without, it is said, proper foundation for such testimony. We think the witnesses were qualified.    And the court instructed the jury that they were not bound by such testimony, that it was offered for what it was worth and that they should give it such weight as they found it entitled to receive.

We find no reversible error.

Judgment affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.