SCHULZ *v.* STEFFEY.

1. SPECIFIC PERFORMANCE—ORAL CONTRACTS—WILLS—EVIDENCE.
    In suit for specific performance of an alleged oral agreement to leave real and personal property to plaintiffs by will, evidence *held*, insufficient to establish alleged agreement.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-CEASED—ORAL CONTRACTS—WILLS—SPECIFIC PERFORMANCE.
    Testimony of plaintiffs as to material facts relative to making of an alleged oral contract between them and deceased whereby latter agreed to leave former half of her real and personal property *held*, barred in suit for specific performance of alleged agreement as matters equally within knowledge of deceased (3 Comp. Laws 1929, § 14219).

3. SAME—WIFE OF OPPOSITE PARTY.
    Testimony of wife of one of plaintiffs seeking specific performance of an alleged oral contract of deceased to leave half her real and personal property to plaintiffs as to material facts relative to the making of such contract *held*, barred by statute prohibiting testimony by opposite parties as to matters equally within knowledge of deceased because, as such wife, she would take an interest in such real estate (3 Comp. Laws 1929, § 14219).

4. TRIAL—WAIVER OF OBJECTION—RECORD—WITNESSES.
    Record *held*, not to sustain contention that in suit for specific performance of an alleged oral contract between plaintiffs and deceased that latter would leave property to former, defendants' counsel at any time waived his objection to testimony barred by statute as to any matters equally within knowledge of deceased (3 Comp. Laws 1929, § 14219).

5. SPECIFIC PERFORMANCE—ORAL CONTRACTS—WILLS—EVIDENCE.
    Testimony of husband of one of plaintiffs seeking specific performance of an alleged oral contract by deceased to leave half her real and personal property to plaintiffs, while not barred because of any legal interest in the outcome *held*, insufficient, in view of his obvious interest because of marital relations,

where alleged agreement was supposed to have been consummated about 15 years before the trial, he was clearly wrong as to certain incidents of the alleged transaction and agreement is unsupported by a written memorandum of any character.

6. SAME—ORAL CONTRACTS—WILLS—CLOSE SCRUTINY OF EVIDENCE. While the required proof in a suit for specific performance of an alleged oral agreement to leave property by will is the same as in civil cases generally, the nature of the litigation is such as to require courts to scrutinize the testimony closely and to weigh it and test it in the light of all circumstances disclosed by the record since estates of deceased persons should not be diverted in consequence of such agreements except upon proof which satisfies the mind and conscience of the court that the contract was made as claimed.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 17, 1936. (Docket No. 111, Calendar No. 38,440.) Decided April 7, 1936.

Bill by Lewis F. Schulz, administrator of the estate of William F. Schulz, and others against Anna Geisler-Steffey and others for specific performance of an alleged oral agreement to leave real and personal property to plaintiffs by will and for other relief. Decree for plaintiffs. Defendants appeal. Reversed and bill dismissed.

*Daniel W. Ross* and *John Bovill, Jr.,* for plaintiffs.

*Patrick J. Murphy* and *Lau & Lau,* for defendants.

NORTH. C. J. This is a bill in equity in which plaintiffs seek the specific performance of an alleged oral agreement on the part of Margaret Schulz, now deceased, to make a will under the terms of which plaintiffs would be the recipients of one-half of whatever property she might die seized. Deceased left a will by the terms of which it was provided that

all of her estate should pass to her blood relatives, making no provision for any of plaintiffs. Plaintiffs also seek to restrain the probating and distribution of her estate in accordance with the terms of her will. Plaintiffs had decree and defendants have appealed.

Mr. Conrad Schulz died in July, 1917, leaving a will and codicil which, aside from certain specific bequests, left his estate in substantially equal shares to each of his six children and one granddaughter, with a provision that advancements to any beneficiary be deducted from the share of such beneficiary. However, the share of his son Fred was placed in trust with a provision that the beneficiary should receive the net income semi-annually, and in case of sickness or emergency so much of the principal as the trustees named might deem sufficient for Fred's benefit and comfort. It was also provided in the event of the death of Fred's wife prior to his demise, that thereupon the full amount of principal and interest in the hands of the trustees should be paid to Fred; but in the event of Fred's death before that of his wife, thereupon the principal and interest remaining in the trust should be divided share and share alike between testator's children named and a grandchild. Florence Schulz.

Mr. Fred Schulz and his wife were much displeased with the provisions above noted in the will of Conrad Schulz. Pending the probate of the Conrad Schulz estate there was a meeting of the beneficiaries named in his will, including the trustees named incident to the share of Fred Schulz, and it is alleged in plaintiffs' bill of complaint:

"That as a result of said meeting the trustees and the heirs did then and there give to Fred Schulz and Margaret Schulz, his wife, the sum of $6,487.65

and in consideration of said sum the said Fred Schulz and Margaret Schulz, his wife, did then and there make the following agreement:—that each of them, Fred Schulz and Margaret Schulz, his wife, did agree to give to the survivor of either of them the entire estate of whatever nature owned by either or both of them, jointly or individually, during their life, and they further agreed that upon the death of the survivor of them one-half of all the real, personal and mixed property of whatever nature and wherever located of which said survivor died possessed would be given to the said William F. Schulz, Julius Schulz, Fred Schulz, Frank Schulz, Lillian Schulz-Thurman, and Florence Schulz-Savatora, share and share alike, and the other half of the property of which the survivor might die seized would be given to the heirs of Margaret Schulz; and did further promise and agree in consideration of such payment (of Fred's share of the Conrad Schulz estate to him) that each of them and the survivor of either would make and execute a last will and testament and by the terms thereof effectuate the said agreement so as to carry out the same."

As noted above, at the time of the alleged agreement the share which the son Fred Schulz was to have taken under his father's will was turned over to him, freed from the conditions of the trust provisions of the will. In 1931 Fred Schulz died without issue and his estate passed to his surviving widow, Margaret Schulz. In 1933 Margaret Schulz died, leaving a will dated February 19, 1932, by the terms of which she left all of her estate, consisting of both real and personal property, to her own blood relatives, this being contrary to the terms of the above-mentioned agreement which provided one-half of her estate should be left to blood relatives of her deceased husband. Plaintiffs ask that the probating of Margaret Schulz' estate in accordance with her will be enjoined.

Appellants' first contention is that plaintiffs failed to establish the alleged contract by the requisite measure of competent testimony. A careful review of this record brings us to the conclusion that appellants are right in this contention.

The agreement or contract in consequence of which plaintiffs assert a right to relief was oral, and so far as any of the plaintiffs had knowledge of the material facts concerning the making of the alleged contract, such facts were equally within the knowledge of the deceased, Margaret Schulz. 3 Comp. Laws 1929, § 14219. Plaintiffs were barred from testifying relative to such facts. The statutory provision would also bar the testimony of the wife of any of the plaintiffs because as such wife she would take an interest in real estate which her husband and the other plaintiffs sought to obtain from the estate of Margaret Schulz. *Laird* v. *Laird,* 115 Mich. 352. Notwithstanding this rule of law the trial judge took and evidently considered, in arriving at his decision, the testimony of the wife of one of the plaintiffs. It was urged in behalf of plaintiffs that counsel for defendants by his examination of this and other witnesses had waived the bar of the statute. The record does not sustain this contention. From the outset and continuously counsel for defendant urged the objection to testimony of this and other witnesses as being equally within the knowledge of deceased; but such testimony was taken into the record by the court subject to the objection made. The record does not disclose that defendants at any time waived the objection.

William Thurman was the only witness sworn in behalf of plaintiffs whose testimony was competent to establish the alleged agreement. There are circumstances disclosed by the record which tend very strongly to minimize the evidentiary force of the

testimony of this witness. He was the husband of
one of the plaintiffs. While in a legal sense he had
no interest in the outcome of the litigation (*Hiles* v.
*First National Bank at Flint,* 237 Mich. 278), yet by
reason of his marital relations he had an obvious in-
terest. The alleged oral agreement to which this
witness testified was supposed to have been consum-
mated substantially 15 years before the time the wit-
ness testified. He was clearly wrong as to certain
incidents of the alleged transaction. For example,
he insisted that as a result of the agreement there
was paid to his brother-in-law, Fred Schulz, upwards
of $6,000; whereas it conclusively appears from the
record that because of Fred's indebtedness to his
father's estate being deducted from Fred's share he
received in cash only $1,199.86. This latter fact is
established by both oral and documentary proof.
Another unusual circumstance appears in this rec-
ord. No memorandum in writing of any character
was made of such agreement, notwithstanding the
distribution of the respective shares among the heirs
of the Conrad Schulz estate occurred in the office of
an attorney of high standing, who represented the
executors of the estate, and the undisputed testi-
mony is that the alleged agreement upon which
plaintiffs rely was known to the attorney. Unfortu-
nately this attorney died prior to the trial of this
case.

Careful review of the record as a whole leads us
to the conclusion that plaintiffs did not establish
their case by the necessary proof. While the re-
quired measure of proof is the same in cases of this
type as in civil cases generally, none the less the
nature of the litigation is such that it behooves
courts to scrutinize the testimony closely in cases of
this character and to weigh it and test it in the light
of all the circumstances disclosed by the record.

Estates of deceased persons should not be diverted in consequence of such agreements except upon proof which "must be such as satisfied the mind and conscience of the court that the contract was made as claimed." *Hiles* v. *First National Bank at Flint, supra; Sieg* v. *Sendelbach,* 256 Mich. 456.

For the reason hereinbefore indicated the decree entered in the circuit court in chancery will be set aside and one entered in this court dismissing plaintiffs' bill of complaint. Decision of other questions raised by appellants becomes unecessary. Defendants will have costs of both courts.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.