SPEAKER v. SPEAKER.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —CONTRACT FOR CONTINUATION OF SON'S SERVICES—WIFE OF PLAINTIFF.

In suit by plaintiff against his brother for portion of property given defendant by their father alleged to have been promised plaintiff by father when he was 21 if he would stay at home and help his parents, testimony of plaintiff's wife *held,* properly excluded as equally within knowledge of deceased father, where both real and personal property was sought to be recovered (3 Comp. Laws 1929, § 14219).

2. EQUITY—REHEARING—DISCRETION OF COURT—EVIDENCE.

Denial of motion for rehearing in son's suit for specific perform-
ance of alleged oral contract of father to convey real and
personal estate if son would stay home and help his folks *held*,
not an abuse of discretion where plaintiff's motion therefor
stated he was seeking only one-half of personal property and
no realty, where there was no renunciation of any interest
in realty and testimony, other than that of plaintiff's wife,
amounted to but an expression of testamentary intent (3 Comp.
Laws 1929, § 14219).

3. APPEAL AND ERROR—SEPARATE RECORD—WITNESSES.

In suit by son for specific performance of alleged contract by
deceased father to give plaintiff certain property in return for
continuation of services, trial court's refusal to permit plain-
tiff to make a separate record of the testimony of his wife
*held*, not error, since her testimony was inadmissible under
statute as to testimony concerning matters equally within
knowledge of deceased (3 Comp. Laws 1929, § 14219).

Appeal from Midland; Hart (Ray), J. Submitted
January 11, 1938. (Docket No. 86, Calendar No.
39,815). Decided February 24, 1938.

Bill by William Speaker against John A. Speaker
and others to enforce a parol contract for the convey-
ance of land and personalty, an injunction and other
relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Riley L. Crane,* for plaintiff.

*James R. Rood,* for defendants.

BUTZEL, J. William Speaker, plaintiff, and John
A. Speaker, one of defendants, are the sons of
Charles Speaker, now deceased. Plaintiff claims that
when he was about 18 years of age, his father prom-
ised him that if he would remain on the old farm in
Midland county, Michigan, until he was 21 years of
age, the parents would give him a 40-acre farm in

the vicinity. Plaintiff claims that when he became of age his father failed to keep his promise, but told him that if he would remain at home and help his parents, he would receive the farm when he married and also half of the estate of his parents when they died. Plaintiff remained at home until he was 26 years of age, when he married. The father bought a 40-acre farm in January, 1914, but took title in his own name. Plaintiff and his wife, however, went into possession and finally in 1931, after considerable difficulty, obtained a deed on payment of $75. There had been considerable ill feeling between plaintiff and his father, fostered, according to plaintiff, by his brother John. It subsequently developed that the father, during his lifetime, turned over all his property, real and personal, to John.

In his bill, plaintiff asks that defendants be required to perform specifically the contract made between himself and his parents; to convey to plaintiff one-half of all property received from the parents, including one-half of an 80-acre farm, without the buildings; to pay plaintiff for the labor the latter performed for his parents; and to render a general accounting.

Plaintiff attempted to prove the alleged oral contract by the testimony of his wife, but the court excluded her testimony on the ground that she was an interested party and incompetent to testify as to matters equally within the knowledge of the deceased father. 3 Comp. Laws 1929, § 14219. The court relied on *Laird* v. *Laird,* 115 Mich. 352, wherein we held that such testimony by the wife of the claimant was not admissible because of the dower or homestead rights she would acquire if her husband were successful in his action to recover real property. Plaintiff claims that *Laird* v. *Laird, supra,*

applies only to a suit involving an interest in real estate and that the court should have applied the rule in *Dunn* v. *Dunn's Estate,* 127 Mich. 385, where testimony of claimant's wife was admitted because only personal property was sought. While the opinion in *Laird* v. *Laird, supra,* only intimates that personal property was also involved, the subsequent case of *Schulz* v. *Steffey,* 275 Mich. 409, not referred to by counsel, is definite in holding that a wife is barred from testifying at all as to matters equally within the knowledge of deceased when both real and personal property are sought to be recovered. On motion for a rehearing, plaintiff stated that he was seeking only one-half of the personal property and no realty. There was no renunciation of any interest in the real estate. The amended bill of complaint sought a one-half interest in both real and personal property. The judge did not abuse his discretion in denying the motion for a rehearing.

Without the wife's testimony, which was properly excluded, there was no showing of the alleged agreement. The testimony of other witnesses as to statements of the deceased were vague and indefinite and at most amounted to an expression of testamentary intent.

Error is claimed because of the trial judge's refusal to permit plaintiff to make a separate record of the testimony by plaintiff's wife. What she might have testified to would not be of any avail to plaintiff, as her testimony was barred by the statute.

Decree affirmed, with costs to defendants.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. SHARPE, J., did not sit.