## LAFRINERE *v.* CAMPBELL ESTATE.

1. APPEAL AND ERROR—ABANDONMENT OF CLAIMED SETOFFS.
   Items of setoff, claimed by defendant administrator in probate court and which are not urged in the Supreme Court on appeal from judgment rendered in circuit court, are presumed abandoned.

2. ESTATES OF DECEDENTS — CONTRACTS — HOUSEKEEPER — CLAIMS AGAINST ESTATES—BURDEN OF PROOF—EVIDENCE.
   Claimant against estate of deceased farmer for services as housekeeper rendered him during last 14 years of his life had the burden of establishing by clear and satisfactory evidence the making and carrying out of the agreement claimed by her.

3. SAME—HOUSEKEEPER—CONTRACTS—BURDEN OF PROOF—EVIDENCE.
   Plaintiff housekeeper for deceased farmer *held,* to have sustained her burden of proof as to agreement for compensation for housekeeping services and to have been entitled to the allowance of the reasonable value of such services during the 6-year period preceding the death of decedent.

4. WORK AND LABOR—HOUSEKEEPER—PRESUMPTIONS—NONRELATIVES —EVIDENCE.
   Presumption that services rendered by claimant as housekeeper for deceased farmer were to be gratuitous because rendered by a member of his household, if assumed applicable, *held,* refuted by proof of the arrangement between claimant and decedent whom the record does not show to have been related to each other.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error §§ 277, 279.
[2] 21 Am Jur, Executors and Administrators § 383.
[4] 21 Am Jur, Executors and Administrators § 327.
[6] 21 Am Jur, Executors and Administrators § 933.
[7] 58 Am Jur, Work and Labor § 63.
[8] 57 Am Jur, Wills §§ 1574, 1575.
[8] Legacy or devise to creditor of testator as satisfaction in whole or part of debt.  86 ALR 6.

5. ESTATES OF DECEDENTS—HOUSEKEEPER—CONTRACTS—EVIDENCE.

Evidence presented as to transfer of property, car title and title of bonds in proceeding by housekeeper for services rendered deceased farmer pursuant to agreement made before she commenced working for him, *held,* not to have modified such agreement.

6. SET-OFF AND RECOUPMENT—CLAIMS AGAINST ESTATE—HOUSEKEEPER—HANDLING OF CHECKS.

Estate of deceased farmer was not entitled to offset proceeds of checks for cream sold by deceased against plaintiff's claim for services as housekeeper, where evidence shows that she had performed various acts of a business nature for deceased including the cashing of checks and making of deposits in, and withdrawals from, his bank account.

7. WORK AND LABOR—HOUSEKEEPER—ADMISSIONS—QUESTIONS FOR TRIER OF FACTS.

Evidence presented in proceeding against deceased farmer's estate by his housekeeper for services rendered raised a question of fact for the trial judge, sitting without a jury, as to whether or not deceased had admitted plaintiff was performing services for him.

8. SAME—HOUSEKEEPER—PAYMENT—BENEFITS ACCRUING AT DEATH OF EMPLOYER.

Benefits accruing to plaintiff upon the death of farmer for whom she served as housekeeper *held,* not to have constituted performance of the obligation to pay her for the work she had done for decedent under record presented showing no modification of his agreement to pay her for services rendered.

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted October 5, 1955. (Docket No. 23, Calendar No. 46,504.) Decided December 1, 1955.

Lena Lafrinere filed her claim against the estate of James R. Campbell, deceased, for services rendered decedent. Claim allowed in part. Defendant appeals. Affirmed.

*Oswald T. McGinn,* for plaintiff.

*McNamara & McNamara (Edward G. McNamara, Jr.,* of counsel), for defendant.

CARR, C. J. Defendant estate, represented by the administrator appointed in probate proceedings, has appealed from a judgment rendered in plaintiff's favor by the circuit court of Cheboygan county. Certain material facts involved in the controversy are not in dispute. In April, 1938, Mr. Campbell, who owned and resided on a farm, sought the services of plaintiff as a housekeeper. Following a conversation between them, the record indicates that an agreement was reached and that on Easter Sunday, 1938, plaintiff entered the Campbell farm home where she remained until the death of Mr. Campbell in January, 1952. During that period she did the housework and assisted with the farm chores and other operations generally.

Asserting an agreement between herself and Mr. Campbell whereby the latter was obligated to pay her reasonable compensation for the services rendered by her, plaintiff filed a claim in the probate court covering the period from Easter Sunday, 1938, to the date of Mr. Campbell's death. The administrator contested the claim and also filed certain set-offs on behalf of the estate. Included therein were items for the board and room of plaintiff's children who went with her to the farm, remaining for varying terms and assisting in doing chores and other farm labor. It was claimed, also, that Mrs. Lafrinere had received the proceeds of numerous checks given by a local dairy for cream sold to it by Mr. Campbell, which checks were payable to him, and that she had withdrawn various sums of money from the bank in which Mr. Campbell made deposits, apparently on his order or at his direction. It was further claimed that as the result of certain transactions involving the purchase of United States bonds, real estate, and an automobile, plaintiff had been paid in full for the services rendered by her.

The probate court allowed plaintiff the amount

claimed by her, holding that she was entitled to compensation at the rate of $3.50 per day during the entire period in question. Against such claim, however, which amounted to a sum in excess of $17,000, there was offset benefits that plaintiff had received, including, among other items, the value of land conveyed by deed naming her and Mr. Campbell joint tenants, with rights of survivorship. The court also deducted the value of the property interests accruing to plaintiff on the death of Mr. Campbell under a land contract naming the parties as joint vendees, and the value of an automobile purchased by Mr. Campbell in 1951, title being taken in the names of himself and Mrs. Lafrinere jointly. The difference between plaintiff's claim and the offsets allowed amounted to $3,026.50, which sum the probate court held plaintiff was entitled to receive from the estate.

Plaintiff appealed from the order of the probate court, and following a trial in the circuit court, before the judge without a jury, was given a judgment in the sum of $7,564. In arriving at this amount plaintiff's right to recover was limited to the 6-year period immediately preceding the death of Mr. Campbell, the court holding that the statute of limitations barred recovery as to prior services.[*] The offsets claimed were rejected, with the exception of an item amounting to $80 which sum plaintiff had received from the sale of a farm product after the death of Mr. Campbell.

On behalf of defendant it is claimed that the proofs in the case were insufficient to support the judgment, that no agreement between plaintiff and Mr. Campbell, either express or implied, under which she was entitled to recover wages for her services, had been established, that such services were presumptively gratuitous, and that the trial court erred in reject-

[*] See CLS 1954, § 609.13 (Stat Ann 1953 Cum Supp § 27.605).— REPORTER.

ing defendant's claims of setoff, particularly the items based on the cashing by plaintiff of checks given to Mr. Campbell for cream and the benefits accruing to her on the death of Mr. Campbell from the real-estate transactions and the purchase of the automobile. Other items claimed by defendant in the statement filed in the probate court are not urged and presumably have been abandoned. Plaintiff did not take a cross appeal and asks that the judgment be affirmed.

On the trial in circuit court plaintiff introduced the testimony of 2 witnesses who were present at the conversation between herself and Mr. Campbell in April, 1938. Both testified in substance that the latter sought to hire Mrs. Lafrinere to work for him at his farm, and that his statements indicated that he would compensate her for such services. They also testified, as did other witnesses produced by plaintiff, as to the services rendered by her. Plaintiff offered further proof as to the value of her services, which was clearly sufficient to support the finding of the trial court that she was entitled to be paid at the rate of $3.50 per day. It is undisputed that her services were satisfactory to Mr. Campbell, that she worked hard, and that her children also assisted as long as they remained in his home.

Several witnesses testified to statements made by Mr. Campbell in his lifetime indicating that he recognized an obligation to pay plaintiff for the work that she was doing and intended to see to it that she was fully compensated. It is claimed that such statements were made about Christmas time, 1951, as well as on prior occasions, suggesting that Mr. Campbell did not consider that the real-estate and automobile transactions, and bond purchases for plaintiff, were in the nature of payment for services rendered. Proof was also offered that on certain occasions plaintiff indicated a desire on her part to obtain

employment elsewhere, and that Mr. Campbell asked her not to do so, stating, in substance, that she would receive compensation for the services that she was rendering to him.

We are not unmindful of the general rule that the burden rested on plaintiff to establish by clear and satisfactory evidence the making and carrying out of the agreement claimed by her. *Daugherty* v. *Poppen,* 316 Mich 430, and prior decisions there cited. We agree with the conclusion of the circuit judge that she sustained such burden, and that she was entitled to the allowance of the reasonable value of her services during the 6-year period preceding the death of Mr. Campbell.

In view of the conclusion, above stated, appellant's claim based on the rule that services rendered by a member of the household are presumptively gratuitous does not require extended comment. Assuming, but not deciding, that plaintiff's status in the Campbell home was as claimed, the presumption is refuted by proof of the arrangement between the parties. It may be noted further, in this connection, that plaintiff was not related to Mr. Campbell, at least so far as this record discloses, and was under no obligation, moral or otherwise, to work for him without pay.

There is nothing in the record before us indicating that following the making of the arrangement in question the agreement between the parties was modified by them in express terms. There is no proof on behalf of defendant tending to support the claim now advanced that the real-estate and automobile transactions were intended to constitute payment to plaintiff for her services, past or prospective. If Mr. Campbell made the statements attributed to him following such transactions it is obvious that he did not consider that the benefits that plaintiff might receive thereunder, contingent on

her surviving him, constituted or would constitute payment for services. A like situation obtains with reference to the bonds given to her. The proofs clearly support the conclusion that at the outset Mrs. Lafrinere expected to be paid for her work, and that Mr. Campbell expected to pay. It does not appear that the position of the parties was changed as the result of the purchase of the real estate, the car, and the bonds. The proofs indicate that such was not the fact.

We are in accord with the conclusion of the trial judge that the evidence did not justify a finding that plaintiff appropriated any part of the proceeds of the checks for cream sold by Mr. Campbell. It appears from the record that she performed various acts of a business nature for her employer, including the cashing of checks and the making of deposits in, and withdrawals from, his bank account. The estate was not entitled to the allowance of an offset based on the receipt of money from the checks.

In *Burns* v. *Kieley's Estate,* 242 Mich 668, which involved a claim for services rendered by the plaintiff to decedent Kieley during his lifetime, the existence of a contractual relation between the parties was not, as in the case at bar, shown by direct evidence of conversations between them. The Court commented on this fact, saying further (pp 672, 673):

"However, the declarations made by decedent that he had *promised* and *had told* plaintiff she should have his property as her pay if she would continue to live with and work for him tended to establish an agreement. The relationship between them was not such as to raise a presumption that the services were rendered gratuitously. *In re Clark's Estate,* 234 Mich 471. The declarations of the decedent, with the fact of plaintiff's services, were sufficient to carry to the jury the issue of the agreement to

pay for the services and the character of the contract. *In re Moon's Estate,* 219 Mich 104; *In re Engell's Estate,* 228 Mich 385; *Payne* v. *Riley's Estate,* 240 Mich 506."

The language quoted is a sufficient answer to defendant's claim that the testimony as to admissions made by Mr. Campbell during the time that plaintiff was performing services for him ought not to be given weight. The question at issue was primarily for the trier of the facts on the entire record presented to him.

The trial judge in his opinion cited, and relied on, *In re Parks' Estate,* 326 Mich 169, which involved a situation somewhat analogous to that in the case at bar. It was there held that the testimony was sufficient to establish that when the arrangement between the parties was made plaintiff expected pay for her services and decedent expected to pay, and that such proof rebutted any presumption that the services were rendered gratuitously. It is further of interest to note that the decedent by his will made a bequest to the plaintiff, including a savings bond, an automobile, household goods, and the sum of $500. In deciding that the plaintiff was entitled to recover the reasonable value of her services, it was held that the making of such bequest did not constitute performance of the obligation to pay plaintiff for the work that she did for decedent. The *Parks' Case* was cited with approval in *In re Mazurkiewicz's Estate,* 328 Mich 120, and *DeCaire* v. *Bishop's Estate,* 330 Mich 378.

The judgment of the trial court is affirmed, with costs to plaintiff.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.